UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> EQUAINESS J. PRICE, <br><br> Defendant. | Case No. 12-CR-238-JPS <br><br><br> ORDER |

On November 6, 2012, a grand jury returned a two-count Indictment against the defendant, Equainess Price. (Docket #1). In Count One, the Indictment charges Mr. Price with knowingly making a false statement in acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6). (Indictment 1–2). Specifically, the Indictment charges that, on the Firearm Transaction Record he filled out to purchase a firearm, Mr. Price falsely stated that he had not been convicted of a misdemeanor crime of domestic violence. (Indictment 1–2). Relatedly, Count Two charges that Mr. Price possessed a firearm despite having been previously convicted of a misdemeanor crime of domestic violence, specifically the battery described above, in violation of 18 U.S.C. §§ 922(g)(9), 924(a)(2). (Indictment 3). In fact, Mr. Price had previously been convicted of battery in Racine County in 2001, and of disorderly conduct in Racine County in 2012. (Indictment 1; Docket #13).

On December 12, 2012, Mr. Price filed a Motion to Dismiss the Indictment against him. (Docket #11). Mr. Price argues that his battery and disorderly conduct convictions do not constitute "misdemeanor crimes of violence" for the purposes of the crimes with which he was charged in this case. (Mot. Dism. 1–2). Accordingly, Mr. Price argues that, because his prior

crimes do not constitute misdemeanor crimes of violence, the Indictment against him does not set forth facts that could constitute the offenses charged. (Mot. Dism. 1–2). The government disagreed with Mr. Price's assessment of the situation, and filed its response on December 20, 2012. (Docket #12). Mr. Price did not file a reply.

Then, on January 2, 2013, Magistrate Judge William E. Callahan, Jr., issued his Report and Recommendations, suggesting that Mr. Price's Motion to Dismiss should be denied. (Docket #14). Mr. Price filed objections to Magistrate Callahan's Report and Recommendations (Docket #17), to which the Court now turns.

1. BACKGROUND

On October 29, 2001, Mr. Price was convicted of one count of misdemeanor battery under Wis. Stat. § 940.19, his daughter being the victim of his actions. (Rept. and Rec. 2; Mot. Dism. 3). That statute states that, "Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor." Wis. Stat. § 940.19(1). Wisconsin Statute § 939.22(4) defines "bodily harm" as "physical pain or injury, illness, or any impairment of physical condition."

More than ten years later, on January 18, 2012, Mr. Price was convicted of disorderly conduct, in violation of Wis. Stat. § 947.01. That statute provides that, "Whoever, in a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance is guilty of a Class B misdemeanor." Wis. Stat. § 947.01(1). Specifically, the criminal complaint against Mr. Price

in that case charged that he had "engage[d] in violent conduct under circumstances in which such conduct tended to cause a disturbance," with his wife being the victim of his actions. (Resp., Ex. A).

Despite having those convictions on his record, Mr. Price decided to purchase a gun. On February 11, 2012, Mr. Price allegedly purchased a gun at a Gander Mountain store, at which time he was required to indicate whether he had been previously convicted of a misdemeanor crime of domestic violence. (Resp. 1–2). At that time, Mr. Price allegedly stated that he had not been convicted of a misdemeanor crime of domestic violence, and thus received a firearm. (Indictment 1–2). Then, on August 20, 2012, Mr. Price was allegedly found to be in possession of that firearm. (Indictment 3).

Thus, the government charged him with: (1) falsely stating that he had not been previously convicted of a crime of domestic violence in order to obtain a firearm; and (2) possessing a firearm after having been previously convicted of a crime of domestic violence. (Indictment 1–3).

2. DISCUSSION

Mr. Price has moved this Court to dismiss the Indictment against him. (Docket #11). He argues that his prior crimes of battery and disorderly conduct do not constitute "misdemeanor crime[s] of domestic violence," under 18 U.S.C. § 921(a)(33)(A), as is required for the government to sustain its charges against him. (Mot. Dism. 3–14; Obj.'s 1–6). In other words, both crimes with which the government has charged Mr. Price require that Mr. Price has been previously convicted of a misdemeanor crime of domestic violence, as defined under 18 U.S.C. § 921(a)(33)(A). Therefore, if Mr. Price's prior crimes cannot be classified as misdemeanor crimes of domestic violence, then the government cannot sustain the charges against him.

A misdemeanor crime of domestic violence is defined as "a misdemeanor under…State…law" that

> has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent or guardian of the victim.

18 U.S.C. §§ 921(a)(33)(A)(i)–(ii). More simply, this definition has three separate requirements, all of which must be satisfied for a prior crime to be considered a misdemeanor crime of domestic violence: (1) the prior crime must appropriately be classified as a misdemeanor; (2) the prior crime must have, *as an element*, the use or attempted use of physical force or threatened use of a deadly weapon; and (3) the victim of the prior crime must have some domestic relationship with the defendant, as defined in the statute. *Id.*

Here, there is no dispute over whether the first and third of those requirements are met. Clearly, the first requirement is satisfied, because Mr. Price's prior crimes were misdemeanors, specifically misdemeanor battery, under Wis. Stat. § 940.19, and misdemeanor disorderly conduct, under Wis. Stat. § 947.01. Moreover, the third requirement is satisfied, because the victims of Mr. Price's crimes were his daughter and wife, both of whom qualify as domestically related to Mr. Price under 18 U.S.C. § 921(a)(33)(A)(ii). *See United States v. Hayes*, 129 S.Ct. 1079 (2009) (holding that relationship to the victim does not need to be an element of the prior crime committed by the defendant).

Therefore, the question is only whether Mr. Price's prior crimes have, *as an element*, the use or attempted use of physical force or threatened use of a deadly weapon. In making this determination, as Mr. Price correctly points out, the Court must use the "categorical approach" and may only look to the statutory elements of Mr. Price's prior crimes, and should not look to the underlying facts of those convictions. (Mot. Dism. 5–6 (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990); *Begay v. United States*, 553 U.S. 137, 141 (2008); *United States v. Woods*, 576 F.3d 400, 404 (7th Cir. 2009); *Hayes*, 129 S.Ct. 1079; *see also James v. United States*, 550 U.S. 192, 202 (2007)). Where, however, a criminal statute sets forth multiple ways in which it may be violated, the Court may examine the record more deeply, looking to indictments, plea agreements, and other documents that may establish the precise portion of a criminal statute the defendant violated. *See, e.g.*, *Shepard v. United States*, 544 U.S. 13, 16 (2005); *United States v. Ellis*, 622 F.3d 784, 798 (7th Cir. 2010).

Because Mr. Price's prior crimes were not related to the use of a deadly weapon, the Court must determine whether either of those crimes—battery or disorderly conduct—include, as an element, the use or attempted use of "physical force," which the Supreme Court has previously defined as "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S.Ct. 1265, 1271 (2010) (citing *Flores v. Ashcroft*, 350 F.3d 666, 672 (7th Cir. 2003)).

Judge Lynn Adelman, one of my colleagues, has already answered this question in the affirmative. In *United States v. Marciniak*, he held that Wis. Stat. § 940.19(1)—the exact battery statute under which Mr. Price was convicted in 2001—qualifies as a crime of violence. *United States v. Marciniak*, 10-CR-184-LA, 2011 WL 124299, at *5 (E.D. Wis. Jan. 14, 2011). Citing to

various Seventh Circuit cases, Judge Adelman determined that Wis. Stat. § 940.19(1) requires the causing of bodily harm, which has previously been defined as requiring the use, attempted use, or threatened use of physical force. *Id.*, at *3–*4 (citing *LaGuerre v. Mukasey*, 526 F.3d 1037, 1038–39 (7th Cir. 2008) (finding Illinois domestic battery statute with language similar to the Wisconsin battery statute at issue here qualified as a crime of violence under 18 U.S.C. § 16(a)); *United States v. Rodriguez-Gomez*, 608 F.3d 969 (7th Cir. 2010) (finding Illinois aggravated battery statute with similar wording to the Wisconsin battery statute, here, qualified as a crime of violence under federal sentencing guidelines); *United States v. Aviles-Solarzano*, 623 F.3d 470 (7th Cir. 2010) (finding Illinois battery statute's "causes bodily harm" prong was a crime of violence under federal sentencing guidelines)). Judge Adelman points out that, "[i]maginative lawyers might be able to conceive of hypothetical scenarios where bodily injury could be caused absent the use of physical force, but in applying the categorical approach [the Court should be] concerned with the ordinary case, not 'fringe possibilities.'" *Marciniak*, 2011 WL 124299, at *4 (quoting *United States v. Taylor*, 630 F.3d 629, 634 (7th Cir. 2010)).

While Judge Adelman's decision is not binding on this Court, it is very well-reasoned and grounded in Seventh Circuit case law. Therefore, the Court determines that it is best to follow his lead and find that Wis. Stat. § 940.19(1) is a crime of violence.

Mr. Price attempts to distinguish the cases cited in Judge Adelman's *Marciniak* opinion and also those cited by Magistrate Callahan in his Report and Recommendations, but his objections are unavailing. (Obj.'s 3–5). This Court, Judge Adelman, and Magistrate Callahan all readily acknowledge that

the cited cases are not controlling—that is, they are not directly on point when applied to the situation at hand. (Rept. and Rec. 4); *Marciniak*, 2011 WL 124299, at *3–*5. They are, nonetheless, persuasive as answering closely related questions of law. Here, just as the Illinois statutes in those cases, Wis. Stat. § 940.19 requires the causing of bodily harm to a victim. Wis. Stat. 940.19(1). In other contexts, such as under sentencing guidelines and 18 U.S.C. § 16(a), the Seventh Circuit has held that statutes that require causing bodily harm constitute crimes of violence. *LaGuerre*, 526 F.3d at 1038–39; *Rodriguez-Gomez*, 608 F.3d at 973–74; *Aviles-Solarzano*, 623 F.3d at 474.

Moreover, this case is distinguishable from the outcome in *Johnson*. 130 S.Ct. at 1271–73. In *Johnson*, the Supreme Court held that Florida's battery law was not a crime of violence, because it could be violated through *any* form of intentional, unwanted touching, which may occur without the use of violent force. *Id.* Here, on the other hand, Wis. Stat. § 940.19(1) requires that an offender actually cause bodily harm. Such conduct falls directly under the *Johnson* Court's definition of violent force, which requires "force capable of causing physical pain or injury to another person," *id.* at 1271, as whenever one causes another bodily harm, he must also cause physical pain or injury. Thus, by extension, Wis. Stat. § 940.19(1) requires, as an element, the use of physical force, and therefore it is a crime of violence.

Having determined that Wis. Stat. § 940.19(1) is a crime of violence, and that the remaining requirements of 18 U.S.C. § 921(a)(33)(A) are also met, the Court is obliged to conclude that Mr. Price was previously convicted of a misdemeanor crime of domestic violence in accordance with the provisions of 18 U.S.C. § 921(a)(33)(A). As such, the Indictment against Mr. Price

contains sufficient factual matter to be sustained against him, and the Court must deny his Motion to Dismiss.

Finally, while there is some question as to whether Mr. Price's disorderly conduct conviction constitutes a crime of domestic violence, the Court need not reach that issue. Having determined that his battery conviction qualifies as a misdemeanor crime of domestic violence, the government may sustain its Indictment against Mr. Price. Nonetheless, if it were necessary to determine the matter, the Court notes that it would concur with Magistrate Callahan and find that the particular subsection of disorderly conduct of which Mr. Price was convicted, Wis. Stat. § 947.01, constitutes a crime of violence under 18 U.S.C. § 921(a)(33)(A). Mr. Price was charged with disorderly conduct, requiring "engag[ing] in violent conduct under circumstances in which such conduct tended to cause a disturbance." (Resp., Ex. A). Meanwhile, *Johnson* requires that there be physical force, defined as "*violent* force—that is, force capable of causing physical pain or injury to another person," in order for there to be a crime of violence. *Johnson*, 130 S.Ct. at 1271. Certainly "violent conduct," as charged against Mr. Price in his disorderly conduct conviction is "*violent* force…capable of causing physical pain or injury to another person." *Id.* That is, there is no requirement that physical pain or injury actually occur—only that the force exerted by the offender is *capable* of causing pain or injury. *See id.* But, as already mentioned, this analysis is ultimately irrelevant, as the Court has already determined that Mr. Price's prior battery conviction constitutes a prior crime of domestic violence under 18 U.S.C. § 921(a)(33)(A).

3. CONCLUSION

For all of these reasons, the Court is obliged to adopt Magistrate Callahan's Report and Recommendations (Docket #14) and to deny Mr. Price's Motion to Dismiss (Docket #11).

Accordingly,

IT IS ORDERED that Magistrate Judge William Callahan's Report and Recommendations (Docket #14) be and the same are hereby ADOPTED; and

IT IS FURTHER ORDERED that the defendant's Motion to Dismiss (Docket #11) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 23rd day of January, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge